*FILED*

OCT 17 2016

U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISON

PARIS LEWBEL,
Plaintiff,

CASE NO.:

v.

GLA COLLECTION COMPANY, INC.
Defendant.

1 **16**-cv-**2805** TWP -TAB

_____/

## COMPLAINT

COMES NOW, Plaintiff, Paris Lewbel, by and through the undersigned counsel, and sues Defendant, GLA COLLECTION COMPANY, INC., and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## INTRODUCTION

1.      The TCPA was enacted to prevent companies like GLA COLLECTION COMPANY, INC. from invading American citizen's privacy and to prevent abusive "robo-calls."

2.      "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3.      "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991).  Senator Hollings

1

presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4.     According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5.     This is an action for the damages exceeding Seventy Five Thousand Dollars ($75,000.00) exclusive of attorney fees and costs.

6.     Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7.     Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

8.     The alleged violations described herein occurred in Marion County, Indiana. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

9.     Plaintiff is a natural person, and citizen of the State of Indiana, residing in Marion County, Indiana.

10.     Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

11.     Defendant, GLA COLLECTION COMPANY, INC., is a corporation which was formed in Kentucky with its principal place of business located at 2630 Gleeson Lane, Louisville, KY 40299 and which conducts business in the State of Indiana through its registered agent, CT Corporation System located at 150 W. Market Street, Indianapolis, IN 46204.

12.     Plaintiff is the subscriber, regular user, and carrier of the cellular telephone number at issue, (248) ***-4712, and was the called party and recipient of Defendant's hereafter described calls.

13.     Beginning in or about June 2015, GLA COLLECTION COMPANY, INC. began bombarding Plaintiff's cellular telephone (248)***-4712 in an attempt to collect on medical bills.

14.     Upon information and belief, some or all of the calls GLA COLLECTION COMPANY, INC. made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that his knew it was an autodialer because of the vast number of calls he received and because he heard a pause when he answered his phone before a voice came on the line from GLA COLLECTION COMPANY, INC.

15.     The autodialer calls from Defendant came from telephone numbers including but not limited to (502) 267-7522, and when that number is called a pre-recorded voice or agent answers and identifies the number as belonging to GLA COLLECTION COMPANY, INC.

16.     In or around June 2016, Plaintiff revoked his consent to be called by GLA COLLECTION COMPANY, INC. by requesting that the calls stop. Specifically, Plaintiff asked for the calls to stop and to be taken off the call list. Each call GLA COLLECTION COMPANY, INC. made to the Plaintiff's cell phone after said revocation was done so without the "express permission" of the Plaintiff and in violation of the TCPA.

17.     Despite Plaintiff informing Defendant to stop calling, the Defendant's autodialer calls to Plaintiff's cellular phone continued after June 2016. Between April 11, 2016, and June 22, 2016, Plaintiff made a non-exclusive log of calls he received from the Defendant, including but not limited to the following calls: June 3, 2016 at 10:56 am,

4

June 4, 2016 at 9:25 am, June 7, 2016 at 3:56 pm, June 9, 2016 at 9:09 am, and June 22, 2016 at 3:30 pm.

18.     Plaintiff estimates approximately One Hundred Twenty (120) calls to his cell phone post-revocation or as will be established after a thorough review of Defendant's records. Due to the heavy volume of calls the Plaintiff was unable to track each and every call he received.

19.     Defendant knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number approximately 120 times from approximately June 2016 through the filing of this complaint, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the subject account.

20.     GLA COLLECTION COMPANY, INC. has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to Plaintiff's cellular telephone in this case.

21.     GLA COLLECTION COMPANY, INC. has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or GLA COLLECTION COMPANY, INC., to remove the number.

22.     GLA COLLECTION COMPANY, INC.'s corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to GLA COLLECTION COMPANY, INC. they do not wish to be called.

23.     GLA COLLECTION COMPANY, INC. has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

24.     GLA COLLECTION COMPANY, INC. has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

25.     GLA COLLECTION COMPANY, INC. has had numerous complaints against it from consumers across the country asking to not be called, however Defendant continues to call these individuals.

26.     GLA COLLECTION COMPANY, INC. has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

27.     Not one of GLA COLLECTION COMPANY, INC.'s telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

28.     GLA COLLECTION COMPANY, INC. willfully and/or knowingly violated the TCPA with respect to Plaintiff.

29.     From each and every call placed without express consent by GLA COLLECTION COMPANY, INC. to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon his right of seclusion.

30.     From each and every call without express consent placed by GLA COLLECTION COMPANY, INC. to Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of her cellular telephone line and cellular phone by unwelcome calls,

making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from GLA COLLECTION COMPANY, INC. call.

31.     From each and every call placed without express consent by GLA COLLECTION COMPANY, INC. to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of his time. For calls he answered, the time he spent on the call was unnecessary as he repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflect the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

32.     Each and every call placed without express consent by GLA COLLECTION COMPANY, INC. to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to the Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

33.     Each and every call placed without express consent by GLA COLLECTION COMPANY, INC. to Plaintiff's cell phone where a voice message was left which occupied space in Plaintiff's phone or network.

34.     As a result of the answered and unanswered calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress, and aggravation. Due to both answered and unanswered calls, Plaintiff suffered the expenditure of Plaintiff's time, exhaustion of Plaintiff's cellular telephone battery, unavailability of Plaintiff's cellular telephone while ringing, waste of Plaintiff's time, causing the risk of personal injury due to distraction, and trespass upon Plaintiff's chattels. All of the abovementioned were caused by, and/or directly related to, Defendant's attempts to collect a debt from Plaintiff through the use of automated/predictive dialing technology.

## COUNT I
### (Violation of the TCPA)

35.     Plaintiff fully incorporates and realleges paragraphs 1 through 34 as if fully set forth herein.

36.     GLA COLLECTION COMPANY, INC. willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified GLA COLLECTION COMPANY, INC. that Plaintiff wished for the calls to stop

37.     GLA COLLECTION COMPANY, INC. repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

8

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against GLA COLLECTION COMPANY, INC. for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

Steven R. Hofer, Esquire
Indiana Bar #: 11584-49
Consumer Law Office of Steve Hofer
8888 Keystone Crossing, Suite 1300
Indianapolis, IN 46240
Tele: (317) 662-4529
hoferlawindy@gmail.com
Counsel for Plaintiff

9